## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:23-CR-0001-01** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| | : | |
| **DUVANY ZAMBRANO,** | : | |
| **Defendant(s)** | : | |

FILED
HARRISBURG, PA

JAN 1 2 2022

PER _____
DEPUTY CLERK

### CRIMINAL PRACTICE ORDER

AND NOW, this 12th day of January 2023, for the purpose of establishing

practices and procedures to govern the above-captioned criminal case, it is hereby

ORDERED that:

1.  The practices and procedures in the above-captioned criminal case
    shall be in accordance with the Federal Rules of Criminal Procedure
    and the Local Rules of Court, except as modified by this order and
    other orders of this court.

2.  Counsel and *pro se* parties are responsible for reading this order
    thoroughly upon receipt and for reviewing it regularly as the case
    proceeds. A *pro se* party shall have all the duties that would normally
    be placed upon their counsel by the Federal Rules, Local Rules, this
    order, and other orders of this court, unless otherwise noted.

3.  To the extent any provision of this order conflicts with any Local
    Rule or any standing order of this court, the conflicting provision of
    this order shall control and the Local Rule or standing order shall be
    suspended. If any provision of this order conflicts with a prior order in
    this case, such prior order is superseded to the extent it conflicts with
    this order.

### Disclosures and Discovery

4.  **Conference**. Within 10 business days of the date of the defendant's
    initial appearance and arraignment, the United States Attorney (or an
    Assistant United States Attorney) and the attorney for the defendant
    shall meet in the United States Attorney's Office for an initial
    disclosures conference. At that conference, the government shall:

a.  Disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person known to the defendant to be a government agent if the government intends to use the statement at trial;

b.  Permit the attorney for the defendant to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant or copies thereof within the possession, custody, or control of the government, the existence of which is known or may become known to the attorney for the government through due diligence, as well as the portion of any written record that contains the substance of any oral statement described in subparagraph (a);

c.  For an organizational defendant, disclose to the attorney for the defendant any statement described in subparagraph (a) or (b) if the government contends that the person making the statement was legally able to bind the defendant regarding the subject of the statement, was personally involved in the alleged conduct constituting the offense charged, and was legally able to bind the defendant regarding that conduct;

d.  Permit the attorney for the defendant to inspect and copy or photograph any recorded testimony of the defendant before a grand jury which relates to the offense charged;

e.  Furnish to the attorney for the defendant a copy of the defendant's prior criminal record that is in the possession, custody, or control of the government if the record is known or through due diligence could be known to the attorney for the government;

f.  Permit the attorney for the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places which are within the possession, custody, or control of the government and either (1) are material to preparing the defense, (2) are intended by the government to be used in its case-in-chief at trial, or (3) were obtained from or belong to the defendant;

g.  Permit the attorney for the defendant to inspect and copy or photograph any relevant results or reports of any physical or mental examinations, and of any scientific tests or experiments

2

made in connection with the case, or copies thereof, within the possession, custody, or control of the government, the existence of which is known or may become known to the attorney for the government through due diligence, and which are either material to preparing the defense or intended by the government to be used in its case-in-chief at trial;

h. Permit the attorney for the defendant to inspect, copy, or photograph any exculpatory evidence within the purview of Brady v. Maryland, 373 U.S. 83 (1963). The government may, however, first redact impeachment material that is within the scope of Giglio v. United States, 405 U.S. 150 (1972). The government shall make all Giglio material available to the defendant for inspection or copying no less than five business days before trial, unless the government demonstrates that unique circumstances in the case require a later disclosure. If the government is uncertain whether material in its possession is within the scope of Brady, Giglio, or both, the government shall promptly submit the material to the court for *in camera* review, together with a letter brief outlining the government's position;

i. Produce all evidence which may be the subject of a Rule 12 motion; and

j. In multidefendant cases, furnish to the attorney for the defendant a copy of any statement encompassed by Bruton v. United States, 391 U.S. 123 (1968), as pertains to that defendant, that is, any confession made to law enforcement authorities by a codefendant that the government intends to introduce in its case-in-chief at trial which names or makes mention of the nondeclarant defendant, together with a proposal for redaction of the statement to conform with the requirements of Bruton. If the government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and nondeclarant defendants. If, within 10 business days after receipt of the confession and the proposed redaction, counsel for the nondeclarant defendant makes no objection to the redacted statement, the nondeclarant defendant will be deemed to have acceded to the admission of the redacted statement into evidence.

5. **Reciprocal Discovery**. The defendant shall provide government counsel with reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

6.  **Disclosure Declined.**

    a.  If, in the judgment of the United States Attorney, it would be detrimental to the interests of justice to make any of the disclosures set forth in ¶ 4, disclosure may be declined, and defense counsel advised in writing of the declination no later than the date of the conference between counsel.

    b.  If the defendant seeks to challenge the declination, the defendant may move the court for relief as follows:

        i.  The defendant shall file a letter outlining the dispute and requesting a conference with the court no less than five business days after the conference between counsel.

        ii. The letter shall set forth (1) the date and time that the conference between counsel was held; (2) the name of the Assistant United States Attorney with whom the conference was held; (3) all matters agreed upon; and (4) the matters which are in dispute and require the court's determination.

7.  **Continuing Duty.**  Any duty of disclosure and discovery set forth in this order is a continuing one and the United States Attorney shall produce any additional information gained by the government within 10 business days of receipt, subject, however, to the provisions of ¶ 6 relating to declination of disclosure.  The defendant may move to challenge the declination with respect to such additional matters within five business days after the government's declination.

8.  **Discovery Disputes.**  If a discovery dispute arises and is not resolved after counsel attempt in good faith to do so, counsel shall file a letter to the docket requesting a telephonic discovery conference and outlining the nature of the dispute.  Counsel shall not file a formal discovery motion unless directed to do so following the telephonic conference.

9.  **Psychiatric Examination.**  A motion for psychiatric examination of a defendant shall cite the statutory authority upon which the examination is sought and shall state the ground(s) on which the necessity of such examination is based.  It shall contain the name of the doctor who is to conduct the examination and a list of three alternate dates and times on which a psychiatrist has agreed to examine the defendant if the motion is granted.

## Motion Practice and Evidentiary Hearings

10. **Generally.** In addition to the procedures and requirements set forth in the Local Rules, which are fully incorporated herein, the following additional rules shall apply to all motions filed in the above-captioned criminal case.

   a. **Caption.** The name of the judge to whom this case is assigned shall appear under the case number on every motion, brief, and other filing in this case.

   b. **Motion Required.** Unless otherwise ordered, all requests for court action other than discovery disputes shall be presented to the court by formal motion complying with the Local Rules, particularly Local Rule 4.2 (certificates of service), Local Rule 5.1(g) (proposed form of order), Local Rule 7.1 (certificates of concurrence/nonconcurrence), and Local Rule 7.5 (supporting briefs).

   c. **Omnibus Motions.** Except where alternative motions are filed, no more than one motion shall be under one cover without prior leave of court authorizing the omnibus filing.

   d. **Certificates of Concurrence.** All motions shall contain a certification of counsel pursuant to Local Rule 7.1 that concurrence in the motion has been sought from each party and has been either given or denied. Concurrence in a motion to extend time shall not obviate the need for the movant to set forth in the motion the reasons for the requested extension.

   e. **Continuing Duty.** If moving counsel cannot reach counsel for other parties at the time a motion is filed, the Local Rule 7.1 certificate shall so certify. Moving counsel shall have a continuing duty to file an updated certificate of concurrence within a reasonable time after all other counsel have been reached and have either granted or withheld concurrence.

   f. **Supporting Facts and Legal Authority.** The court will summarily deny any motion for which the supporting brief fails to adequately describe the factual background for the motion, fails to cite legal authority supporting the requested relief, or otherwise offers only conclusory assertions or rationale.

11.   **Motions to Continue.**

    a.    **Timely Filing**. Counsel shall exercise their best efforts to file motions to continue scheduled proceedings, including jury selection and trial, or to extend filing deadlines, <u>no less than 10 business days</u> before the proceeding to be continued or the deadline to be extended.

    b.    **Speedy Trial Act**. Motions to continue trial shall clearly state the reason(s) for the requested continuance and identify the basis for exclusion of time under the Speedy Trial Act, with citation to the applicable provision of the Act.

    c.    **Length of Continuance**. A motion to continue any proceeding or trial shall specify the requested length of the continuance. Unless a motion to continue trial seeks a greater continuance, trial will be continued by 30 days, to the court's next trial term. Open-ended continuances of trial will not be granted except in extraordinary circumstances.

    d.    **Discretion of Court**. Motions for extension of a time period may be granted by the court without waiting for a responsive brief.

12.   **Pretrial Motions.**

    a.    **Deadline**. Unless otherwise ordered, pretrial motions, except motions *in limine*, and except for good cause shown, shall be due <u>four weeks</u> before jury selection and trial.

    b.    **Supporting Brief**. Pretrial motions shall be filed together with a supporting brief unless the motion is exempt from the supporting brief requirement under the Local Rules.

    c.    **Briefing Schedule**. Unless otherwise ordered, briefing on pretrial motions shall be governed by the Local Rules. <u>See</u> M.D. Pa. L.R. 7.5, 7.6, 7.7.

13.   **Evidentiary Hearings.**

    a.    **Request for Hearing**. <u>Every pretrial motion shall state whether the movant requests an evidentiary hearing and whether that request is concurred</u>. If a hearing is requested, the motion shall state how much time the movant believes is necessary for the hearing.

      b.     **Hearing Exhibits**.  Counsel shall submit to the courtroom deputy, no later than the time of the hearing, <u>three complete exhibit lists and three complete sets of exhibits for the court's use, in addition to the original</u>, which shall be maintained by counsel to be offered into evidence.  Exhibit lists shall be in the form provided on the court's website at http://www.pamd.uscourts.gov.

14.    **Motions *In Limine*.**

      a.     **Deadline**.  Motions *in limine* shall be filed as early as possible but in any event <u>no less than five business days</u> before trial.

      b.     **Supporting Brief**.  Motions *in limine* shall be filed together with a supporting brief unless the motion is exempt from the supporting brief requirement under the Local Rules.

      c.     **Briefing Schedule**.  The responsive brief shall be filed <u>no less than 48 hours</u> after the motion *in limine* is filed or the motion *in limine* will be deemed unopposed.  The movant shall file any reply brief in further support of its motion <u>no less than 24 hours</u> after the responsive brief is filed.  The court reserves the right to rule on any motion *in limine* without the benefit of a reply brief. If the motion *in limine* is filed sufficiently in advance of trial as to not require expedited briefing, counsel may move the court for extension of these deadlines.

15.    ***Ex Parte* Motions**.  All requests to the court for issuance of subpoenas or writs of habeas corpus *ad testificandum* shall, except for good cause shown, be filed <u>no less than 10 business days</u> before trial and shall state with specificity the proposed testimony of each witness and its relevance to the case.  The witnesses shall be listed in order of preference to the movant.

### Pretrial and Trial Procedure

16.    **Pretrial Submissions.**  Pretrial submissions in the usual case shall consist of the following:

      a.     **Proposed *Voir Dire* Questions**.  Proposed *voir dire* questions shall be filed <u>no less than five business days</u> before trial.

      b.     **Joint Voir Dire Statement**.  The parties shall file a joint *voir dire* statement <u>no less than five business days</u> before trial.  The statement shall briefly describe the case and will be read by the

court to prospective jurors during *voir dire*. In most cases, this statement should not exceed one paragraph.

c.    **Proposed Jury Instructions**. Each party shall file proposed jury instructions <u>no less than five business days</u> before trial. Proposed jury instructions shall be formatted one to a page and shall identify the relevant authority for the instruction. Supplemental proposed jury instructions may be submitted for matters arising during trial which could not reasonably have been anticipated before trial.

d.    **Proposed Verdict Form**. The parties may, but are not required to, submit a proposed verdict form for the court's consideration. Any proposed verdict form shall be filed <u>no less than five business days</u> before trial.

17.    **Trial Exhibits.**

a.    The parties shall pre-mark all exhibits which they intend to introduce as part of their direct case.

b.    One copy of the exhibit list and all exhibits shall be served on the opposing party <u>no less than 10 business days</u> before trial.

c.    Objections to admissibility of exhibits shall, to the extent possible, be raised by motion *in limine* and shall be filed with the court by the deadline set forth in paragraph ¶ 14(a). Prior to lodging any such objection with the court, counsel shall meet and confer in attempt to resolve the dispute in good faith through stipulation or other appropriate means.

d.    Counsel shall submit, no later than the morning of trial, <u>three complete exhibit lists and three complete sets of exhibits for the court's use, in addition to the original</u>, which shall be maintained by counsel to be offered into evidence. The exhibit lists shall be in the form provided on the court's website at http://www.pamd.uscourts.gov.

e.    Presentation technology is available in the courtroom to display evidence. Training on the equipment shall be arranged in advance of trial with the courtroom deputy. For more information, see the *Programs & Services* page on the court's website at http://www.pamd.uscourts.gov.

8

  f.  Jury Evidence Recording System (JERS). Counsel for any party who wish to have admitted exhibits displayed electronically to the jury during deliberations shall submit a complete and properly formatted USB flash drive or disc containing the party's exhibit list and exhibits to the courtroom deputy <u>no less than five business days</u> before trial. Additional information concerning the JERS system is available on the *Programs & Services* page on the court's website at http://www.pamd.uscourts.gov.

18. **Witness Statements.** Counsel shall pre-mark all statements which must be produced pursuant to Federal Rule of Criminal Procedure 26.2 so that no trial delay occurs at the time the statements are turned over. Voluntary disclosure at a time earlier than that mandated by the Federal Rule is encouraged to avoid trial delays.

19. **Depositions.** If the parties intend to use depositions at trial in place of live testimony, the parties shall meet to review the depositions before trial. If there are objections which cannot be resolved among counsel, the objections and a copy of the relevant transcript shall be submitted <u>no less than five business days</u> before trial. If counsel fail to meet this deadline, the court may, in its discretion, deem the objections withdrawn. If a videotaped deposition is to be used at trial, it must be accompanied by a transcript of the deposition.

20. **Closing Arguments.** Closing arguments will be limited to 45 minutes unless counsel requests permission from the court for an extension prior to commencement of argument.

21. **Polling of the Jury.** Any request to have the jury polled must be made before the court enters judgment and excuses the jury.

22. **Trial Transcripts.** The court will decide post-trial motions without a transcript of trial testimony absent unusual circumstances. Counsel are cautioned to take adequate notes. Failure to do so will not be justification for the transcription of testimony.

23. **Post-Trial Motions.** Unless otherwise ordered, briefing on post-trial motions shall be governed by and proceed in accordance with the Local Rules. <u>See</u> M.D. PA. L.R. 7.5, 7.6, 7.7. Should the court grant a request for a transcript of the trial testimony, the moving party's brief shall be filed <u>no less than four weeks</u> after filing of the transcript. Briefing will thereafter proceed in accordance with the Local Rules.

## Plea Agreements

24. **Notice to Court.** Counsel shall notify the courtroom deputy as soon as reasonably possible that a plea agreement has been signed or that a defendant intends to plead guilty without a plea agreement, to allow the courtroom deputy adequate time to schedule a guilty plea hearing.

25. **Plea Agreements.** All plea agreements shall be reduced to writing prior to the guilty plea hearing and shall be executed by all parties before the time of the hearing. A copy of the proposed plea agreement shall be filed no less than two business days prior to the guilty plea hearing. All plea agreements concerning defendants who require assistance of an interpreter shall be bilingual.

## Presentence Procedures

26. **Sentencing Schedule**. The court will schedule a presentence report disclosure date, a presentence telephonic conference, and sentencing at the time of any guilty verdict or guilty plea.

27. **Presentence Telephonic Conference**. In the event there are no objections to the final presentence report, the court may, at its discretion, cancel the presentence telephonic conference.

## Communication with the Court

28. All requests for court action on a pending criminal matter shall be presented by motion complying with this order and the Local Rules. Any other written communication with the court shall be filed to CM/ECF. Correspondence should not be mailed, emailed, or faxed to chambers. Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.

29. No counsel shall meet with the court on a matter relating to this case in person or by telephone unless opposing counsel is present in person or by telephone. Counsel may contact a law clerk to discuss procedural and scheduling matters, provided opposing counsel is included in the communication.

30. Courtesy copies of motions, briefs, exhibits, and other filings are discouraged unless the submission is voluminous. Counsel should contact chambers at (717) 221-3945 if unsure whether a courtesy copy is appropriate. This rule shall not apply to *pro se* litigants, who shall file all documents in hard copy with the Clerk of Court.

31.    Inquiries concerning scheduling matters, courtroom logistics, and other matters should be directed to chambers at (717) 221-3945.

*s/ Christopher C. Conner*

_____

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania